January 29th 1817.
Judge Roane
pronounced the Court’s opinion.
The Court, not deciding, absolutely, that the Appellant Mary M. Bolling had a life interest in the estates devised to the Appellee Thomas T. Bolling, under the Will of her husband Robert Rolling, nor that she had a strict right, under the same, to convert the whole profits of those estates to the support of herself and the children of the said Testator, although such are the present impressions of the Court, is of opinion that, after the great length of time which elapsed from the *340 death of the said Testator and the probate of his Will, before the institution of the suit by the said Appellee, claiming those estates; and after all parties had apparently acquiesced in this construction thereof; and after the said Appellee Thomas T. Bolling himself had not only so acquiesced, but had, in effect, assented thereto and ratified the same, by receiving from the Appellant Mary M. Bolling, in the year 1786, the Estates, she then delivered to him, without then making known this claim, or setting up a contrary construction ; and, considering that, not only the acts of assent and acquiescence aforesaid had a tendency to lull the Appellant Mary M. Bolling into a belief that her claim thereto would not be objected to, but that, also, the great lapse of time aforesaid may have, from the death of Witnesses, loss of Documents, and other causes, rendered the taking the account, required by the said Appellee Thomas T. Bolling, on any principles of certainty or justice, impossible, the Court is farther of opinion, that, under these circumstances, the construction aforesaid ought not to be disturbed, even if it were in strictness erroneous, nor the account, required as aforesaid, be taken. As to the pretension of the Appellee Thomas T. Bolling, that he only came to the knowledge of his rights under the Will aforesaid in or about the year 1708, the Court is of opinion, that, if he were even correct as to the extent of those rights, he should not be permitted to avail himself of the benefit of that alleged ignorance, nor be permitted to rely on it, under all the circumstances of this case, and, especially, as the Will under which he professes to claim had been long of record.
This view of the case makes it unnecessary, in the opinion of the Court, if, under other circumstances, it would have been required, that the representatives of John Tabb, or any others, should have been made parties.
The Court has the less difficulty in coming to this conclusion, because the Appellant Mary M. Bolling surrendered, to the use of her husband’s estate, and the benefit of his children, a considerable sum then due to her from the estate of her father; because she made no claim of a distributive share of the estate of her deceased daughter Rebecca Bolling; because she had relinquished, to the Appellee Thomas T. Bob-ling, considerable sums, due from him to her, as Interest j *341 Because she had delivered up to him, on his coming of age, his full proportion of the residuary Slaves of the said Testator ; because she furnished him, without account, with considerable sums, for his support and education, in Europe, more, probably, than she was bound to supply under his father’s "Will; and because she extended to him various other acts of liberality, all of which she would probably not have done, hut in confidence that her construction of the Will aforesaid would not have been disturbed.
The Court is farther of opinion that the sale of the Dogwood Thicket Tract ot Land ought not to have been impeached ; first, because, if the Appellant Mary M. Bolling had an Interest during her life therein, as this Court rather at present ¿¡¡.¡poses, the foundation of the alleged ignorance of the Appellee Thomas T. Bolling of his present right thereto is removed ; and, secondly, because, if she had no right thereto under her husband’s Will, yet it appears that she permitted him to offer to sell the fee simple Title thereof to others, thereby waving her claim aforesaid thereto, and finally not only gave him the fee simple price of this Land for the same, but more, probably, than he could have obtained from others.
The Court is therefore of opinion, and accordingly decrees, that the Decree in the suit claiming to set aside the sale of the Dogwood Thicket Tract of Land should be reversed with Costs, and the Bill dismissed; that the Deeree dismissing the Bill of the Appellant Thomas 7- Bolling against the Appellee Mary M. Bolling should be affirmed; and that the Decree in the suit of the Appellant Mary M. Bolling against the Appellee Thomas T. Bolling should be reversed with Costs, and that she should be decreed to recover against him, or his representative, the amount of his Bonds given to her, and not delivered up or paid as part of the purchase of the Dogwood Tract of Land, but without Interest thereupon during her life; the said Mary M. Bolling being proved to have admitted, that she had no other demand against the said Thomas T. Bolling, than the Bonds aforesaid, without Interest during her life time as aforesaid. And the said last mentioned suit is remanded to the Court of Chancery, to be finally proceeded in pursuant to the principles of this Decree.